Shaw, C. J.
The court are of opinion, that whether the plaintiff has been rightfully taxed or not, in respect to the fund, held by Boardman, as receiver, under a decretal order of the circuit court, the income of which is payable annually to the plaintiff’s wife, he is not entitled to maintain this action.
The tax was assessed to the plaintiff personally. It is conceded, that he had personal property, liable to taxation, other than his partnership property; and for such property he was severally and personally liable to taxation. Partners are liable to be taxed jointly, in the partnership name, for all the personal property employed in their partnership business; but not for their separate property, and it would be irregular so to tax *97 their separate property. It would have the effect to make each liable for the tax on the separate property of the other. Rev. Sts. c. 7, § 13. The plaintiff, therefore, was liable to be severally taxed for personal property; the whole tax was set to him, as for his own personal property ; it was therefore, if wrong, obviously a case of over-taxation, for which his only remedy was an appeal. Osborne v. Danvers, 6 Pick. 98; Preston v. Boston, 12 Pick. 7.
But not having given in a “ list ” of his estate, conformably to the same chapter (§ 10), the estimate of his property, made by the assessors (§ 24), is so far conclusive, that the tax-payer is precluded from applying to the assessors for an abatement, and also from appealing to the county commissioners (§ 40), and in this county to the mayor and aldermen, from the decision of the assessors. And there appears no ground for bring ing this case within the exception stated and acted on in the ease of Preston v. Boston, 12 Pick. 7, where the party was liable, as a non-resident, for real estate, but was in fact taxed for his poll and personal estate. Not being an inhabitant, the entire tax on his poll and personal property was an illegal tax, and not an over taxation, although as a non-resident proprietor, he was liable to be taxed for real estate in Boston. Here the plaintiff was an inhabitant of Boston, was liable for his poll and general personal property, the whole was taxed to him as his personal property, and it is a plain case of over-taxation.
But although this position is quite decisive, yet the facts of the case warrant us, we think, in looking at it in a point of view somewhat less technical, and less dependent on strict law.
It appears by the statement of the assessors, that their impression is, that the great increase in the personal tax to the plaintiff, after his marriage, was made with some regard to the trust fund in question; and they did not know of any other large amount of property, or any other property except furniture, carriages, and the like. It does not appear, that the assessors were informed of the precise amount or condition of this trust fund, but they probably did know, that the plaintiff *98 had married a lady reputed to be an heiress of considerable property, by which his means, his income and ability, were largely increased.
In such a case, under their power of dooming or estimating arbitrarily, as they must do, in the absence of the “ list ” or authoritative statement, which the tax-payer is . notified to make, they would be justified in increasing his personal tax, until he should think fit to give in such statement. It would still be strictly his personal tax.
In any point of view, therefore, in which this case can be regarded, even if the tax was excessive, and if on the facts stated, had they been made known to the assessors, it would be irregular and wrong; still, it must be regarded as a mere case of over-taxation, for which the plaintiff has not put himself in the way to obtain redress; and this is decisive of the present action.
But the court are further of opinion, that the plaintiff was liable to be taxed in respect to this fund of $50,000. The statute (Rev. Sts. c. 7, § 10, cl. 5,) declares, that all personal property, held in trust by any executor, administrator or trustee, the income of which is to be paid to any married woman, or other person, shall be assessed to the husband of such married woman, or to such other person, &c. The term trustee is here used as a very general term, and includes any person who may be charged with the care and custody of a cash fund, the income of which is to be paid to a married woman. It has no reference to the mode in which such trustee is appointed, or to whom, or in what manner, he may be bound to account. It looks only to the fact of a fund held in trust, of which a married woman receives the income. It assumes, that although it may be payable to her, for her separate use, yet the husband, directly or indirectly, will have the benefit of it; and as it would be taxable if she was discovert and acting suo jure, the husband, as being by the common law liable for her debts, and the performance of her legal duties, is made liable to such tax.
We were pressed with the argument, and certainly it is entitled to great consideration, that the proposed construction *99 would seem to authorize state officers to-lay their hands on a fund, in the custody and control and subject to the order of the circuit court of the United States, which would appear to be inadmissible. But the objection is rather seeming than real.
The assessment does not touch the fund, or control it; nor does it interfere with the trustee in the exercise of his proper duties ; nor call him, nor hold him, to any accountability. It affects only the income, after it has been paid by the trustee to the wife; and thus causes the duty of the husband, to pay the tax, to attach. It does not prevent the court, who constituted this fund by their decretal order, from controlling or changing it; it only decides, that whilst the decretal order stands in force, and whilst without any further act or order of the court, the income is paid annually to the wife, the husband must pay the tax due in respect to the income derived from that fund.
Nor is it any objection to this decision, that by the decree of the circuit court, the wife was charged with the support of her children out of such income. The income was payable to her, and it is within the letter and spirit of the statute. Before her intermarriage with the plaintiff, if the law stood then as it does now, she herself would have been liable to taxation, as for a fund held in trust of which she would in that case have received the income. After her intermarriage, the plaintiff became liable, under the other clause of the statute, for the same tax.